UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARYELLEN T. BLANKE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2585** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "J"(1)** |

**O R D E R**

Before the Court is Plaintiff's objection (Rec. Doc. 16) to the Magistrate Judge's Report and Recommendation (Rec. Doc. 15) regarding cross-motions for summary judgment (Rec. Docs. 11 & 14). Plaintiff objects to the Report and Recommendation to the extent the Magistrate Judge found that the ALJ properly considered the conclusions of a disability specialist in making a residual functional capacity ("RFC") finding. Plaintiff cites a federal regulation that lists as "[s]ources who can provide evidence to establish an impairment" only "acceptable medical sources." See 20 C.F.R. § 416.913(a). However, that regulation also states, "In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) *and how it affects your ability to work* . . . ." Id. at § 416.913(d) (emphasis added). Such other sources "include, but are not limited to . . . [p]ublic and private social welfare agency personnel [and] [o]ther non-medical sources . . . ." Id. Therefore, the Magistrate Judge correctly found that the ALJ properly considered the disability specialist's RFC conclusions as probative non-medical evidence that spoke to how Plaintiff's impairments affected her ability to work.

The Court is not persuaded by the cases cited by Plaintiff. She mainly cites Foxx v. Astrue,

2009 WL 2899048, at *7 (S.D. Ala. Sept. 3, 2009), which held that under the facts presented, the ALJ's RFC determination was not supported by substantial evidence, where the ALJ relied upon the findings of a state agency medical consultant whose opinion was not a medical opinion. However, the Fifth Circuit in Porter v. Barnhart, 200 F. App'x 317, 319 (5th Cir. 2006) cited § 416.913(d) in stating that the report of a chiropractor—whom the court found not to be an "acceptable medical source"—could be used to show how an impairment affects a claimant's ability to work. Porter confirms that the Magistrate Judge in this case correctly interpreted the federal regulation to permit an ALJ to consider a non-medical opinion in making an RFC finding.[1]

The Court, after considering the complaint, the motions for summary judgment, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the objection to the Magistrate Judge's Report and Recommendation; hereby overrules the objection, approves the Magistrate Judge's Report and Recommendation, and adopts it as the Court's opinion. Accordingly,

**IT IS ORDERED** that the motion for summary judgment of Michael J. Astrue, Commissioner of the Social Security Administration (Rec. Doc. 14), is **GRANTED**; and the motion for summary judgment of the plaintiff, Maryellen T. Blanke (Rec. Doc. 11), is **DENIED.**

New Orleans, Louisiana, this 27th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Nor is the Court persuaded by Plaintiff's citation to Johnson v. Barnhart, 2004 WL 1529296 (D. Me. June 24, 2004), which stated that a "layperson" Disability Determination Services reviewer's opinion was entitled to no weight.